Lee, J.
delivered the opinion of the court.
Wood recovered a judgment against Slack the complainant in the Circuit court of Kanawha county for the sum of 318 dollars 61 cents, being for money claimed to have been paid by him as one of the sureties of Slack in his official bond as sheriff of Kanawha county, together with interest and costs of suit. The proceeding which resulted in this judgment was by notice in writing under the act of assembly in which it was alleged that sundry judgments specified in the notice, had been recovered against Wood as such surety aforesaid, and that he had been compelled to- pay the amount specified in the notice, on account thereof. The notice was served upon Slack, but he failed to appear and contest the plaintiff’s right to recover; and the court, on hearing the evidence adduced by the plaintiff, rendered judgment in his behalf for the- amount above stated. Slack subsequently filed this bill in the Circuit court of Kanawha, stating the recovery of said judgment against him, and exhibiting a copy of the record of the proceeding in which it was had: And he alleged that he had been informed and believed “ that Wood had never paid one cent of one of the judgments set out in his aforesaid notice, but that the said judgments being not against the said Wood alone, but against” himself (said Slack) and his securities in his official bond, they were paid by James T. Swindler, *42 (then deceased,) another of his said sureties. He further alleged that those facts came to his knowledge after the said judgment had heen rendered, and that he had had no knowledge or intimation of them until after that period; and that consequently he could not by any possibility have made his defence at law.
The bill made Wood and the sheriff of Kanawha parties defendants, and prayed an injunction to restrain the collection of the said judgment, and such other and further relief as justice and equity might require. The injunction prayed for was allowed.
The defendants appeared by counsel, and without filing an answer to the bill, gave notice that they would move to dissolve the injunction as improvidently allowed, at a future day of the court. And subsequently the motion having been made, the court by its order did dissolve the injunction on the ground assigned: And to this decree a supersedeas has been allowed.
The grounds on which a court of equity will interfere to grant relief against a judgment at law in the nature of a new trial, are confessedly somewhat narrow and restricted. It is not sufficient to show that injustice has been done, but it must appear also that it was not occasioned by the inattention of the party complaining: And a bill seeking relief of this character is watched by equity with extreme jealousy. Bateman v. Willoe, 1 Sch. & Lef. 201. In delivering his opinion in that case, Lord Redesdale said that “Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation; and it is more important that an end should be put to litigation than that justice be done in every case.” Ib. 204.
In the case of Floyd v. Jayne, 6 John. Ch. R. 479, Chancellor Kent states the settled doctrine and practice of the court of equity as well as of courts of *43 law, to be, that a party is not entitled to relief after verdict upon testimony which with ordinary care and diligence he might have procured and used upon the trial at law: And he adds that “ it would be establishing a grievous precedent, and one of great public inconvenience, to interfere in any other case than one of indispensable necessity and wholly free from any kind of negligence.”
This doctrine has been fully recognized in this court by repeated adjudications. Beirne v. Mann, 5 Leigh 364; Oswald &c. v. Tyler &c., 4 Rand. 19 ; Faulkner’s adm’x v. Harwood, 6 Rand. 125. And to the same effect are De Lima v. Glassell’s adm’r, 4 Hen. & Munf. 369; Turpin v. Thomas, 2 Hen. & Munf. 139; Tapp v. Rankin, 9 Leigh 478; Donally v. Ginnatt’s adm’r, 5 Leigh 359 ; Haden v. Garden, 7 Leigh 157 ; Turner v. Davis, Id. 227; Auditor v. Nicholas, 2 Munf. 31; Arthur v. Chavis, 6 Rand. 142; Fenwick v. Macmurdo, 2 Munf. 244. In the case of Faulkner’s adm’x v. Harwood, it was held that a court of equity, will not grant relief merely because injustice has been done: The party applying for a new trial, to entitle himself to it, must show that he has been guilty of no laches; that he has done everything that could reasonably be required of him to render his defence effectual at law. And the reasons for establishing and enforcing this rule and practice are given by Judge Carr, in his opinion, with his accustomed clearness; and they seem to apply in all their force to the present case. The complainant alleges that at the time of the rendition of the judgment at law against him he was ignorant of the fact that the money due on the judgments recovered against him and his sureties had been paid by James T. Swindler, and that no part whatever had been paid by Wood. But he does not allege that he used due diligence or made any efforts or enquiries before the trial at law to obtain information upon this subject. And *44 it would appear that by the exercise of reasonable diligence, and by making proper enquiry in the proper quarters, he might have been readily led to discover whether Wood had in fact paid any of the moneys claimed to have been paid by him for the complainant, and if any, the amount thereof; and of this information when obtained he could have fully availed himself in his defence in the court of law. His failure to institute any such enquiry when served with Wood’s notice would seem to be exactly that sort of inattention and laches on his part which should serve to debar him from any claim for relief in a court of equity against its. consequences. The court is therefore of opinion that the injunction to the judgment at law upon the grounds assigned in the bill was improvidently granted ; and that there is no error in the order of the court dissolving the same; which is accordingly affirmed, with costs to the appellee.
Decree affirmed.